

# Sumter County
# Third Judicial Circuit
# Public Index



Sumter County Home Page  South Carolina Judicial Department Home Page  SC.GOV Home Page

| Switch View |
| --- |

## Willa B. Rogers As Personal Rep Of Est. Of Thomas J. Baskins, Jr., plaintiff, et al VS Savasenior Care, Llc, defendant, et al

| Case Number: | 2017CP4302162 | Court Agency: | Common Pleas | Filed Date: | 11/16/2017 |
| --- | --- | --- | --- | --- | --- |
| Case Type: | Common Pleas | Case Sub Type: | Medical Malpract 220 | File Type: | Mediator - Jury |
| Status: | Pending/ADR | Assigned Judge: | Clerk Of Court C P, G S, And Family Court | | |
| Disposition: | | Disposition Date: | | Disposition Judge: | |
| Original Source Doc: | | Original Case #: | | | |
| Judgment Number: | | Court Roster: | | | |

**Case Parties   Judgments   Tax Map Information   Associated Cases   Actions   Financials**

| Name | Description | Type | Motion Roster | Begin Date | Completion Date | Documents |
| --- | --- | --- | --- | --- | --- | --- |
| Rogers As Personal Rep Of Est. Of Thomas J. Baskins, Jr., Willa B. | ADR/Alternative Dispute Resolution (Workflow) | Action | | 06/14/2018-11:42 | | |
| Ssc Sumter East Operating Co. Llc D/B/A Sumter East Health | NEF(02-15-2018 06:19:50 PM) Answer/Answer | Filing | | 02/16/2018-08:35 | | 📄 |
| Ssc Sumter East Operating Co. Llc D/B/A Sumter East Health | Answer/Answer | Filing | | 02/15/2018-18:19 | | 📄 |
| Ssc Sumter East Operating Co. Llc D/B/A Sumter East Health | Notice/Notice of Appearance | Filing | | 02/15/2018-18:19 | | |
| Rogers As Personal Rep Of Est. Of Thomas J. Baskins, Jr., Willa B. | NEF(01-17-2018 02:20:32 PM) Service/Acceptance Of Servic... | Filing | | 01/17/2018-14:33 | | 📄 |
| Rogers As Personal Rep Of Est. Of Thomas J. Baskins, Jr., Willa B. | Service/Acceptance Of Service on Ssc Sumter East Operating C | Filing | | 01/17/2018-14:20 | | 📄 |
| Rogers As Personal Rep Of Est. Of Thomas J. Baskins, Jr., Willa B. | NEF(01-12-2018 08:27:20 AM) Service/Certificate Of Servi... | Filing | | 01/12/2018-09:30 | | 📄 |

**EXHIBIT**

*A*

ALL-STATE® INTERNATIONAL

| | | | | | |
|---|---|---|---|---|---|
| Rogers As Personal Rep Of Est. Of Thomas J. Baskins, Jr., Willa B. | Service/Certificate Of Service Certified Mail on Ssc Sumter | Filing | | 01/12/2018-08:27 | 📄 |
| Rogers As Personal Rep Of Est. Of Thomas J. Baskins, Jr., Willa B. | NEF(01-11-2018 04:26:58 PM) Service/Certificate Of Servi... | Filing | | 01/11/2018-16:38 | 📄 |
| Rogers As Personal Rep Of Est. Of Thomas J. Baskins, Jr., Willa B. | Service/Certificate Of Service | Filing | | 01/11/2018-16:26 | 📄 |
| Rogers As Personal Rep Of Est. Of Thomas J. Baskins, Jr., Willa B. | Summons & Complaint | Filing | | 11/16/2017-11:42 | 📄 |

CMSWeb 6.1 © 2013 South Carolina Judicial Department • All rights reserved

ELECTRONICALLY FILED - 2017 Nov 16 11:42 AM - SUMTER - COMMON PLEAS - CASE#2017CP4302162

STATE OF SOUTH CAROLINA     )     IN THE COURT OF COMMON PLEAS

COUNTY OF Sumter     )     Case No.: 2017-CP-43-_____

    )

Willa B. Rogers, as Personal     )

Representative of the Estate of     )

Thomas James Baskins, Jr.,     )

    )

                   Plaintiff,     )      **SUMMONS**

v.     )      **(JURY DEMAND)**

    )

SavaSenior Care, LLC and SSC     )

Sumter East Operating Company, LLC     )

d/b/a Sumter East Health and     )

Rehabilitation Center,     )

    )

                 Defendants.     )

**TO THE DEFENDANTS ABOVE NAMED:**

    YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to the said Complaint on the Plaintiff or Patrick M. Killen, Esquire, at his office located at 1 Law Range, Suite B, Sumter, South Carolina, within thirty (30) days after the service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for the relief demanded in the Complaint.

    Dated at Sumter, South Carolina, on the 16th day of November, 2017.

               McGOWAN, HOOD & FELDER, LLC

               s/ Patrick M. Killen

               Patrick M. Killen

               Attorney #15531

               1 Law Range – Suite B

               Sumter, South Carolina 29150

               (803) 774-5026

               (803) 774-5028 Fax

               pkillen@mcgowanhood.com

ELECTRONICALLY FILED - 2017 Nov 16 11:42 AM - SUMTER - COMMON PLEAS - CASE#2017CP4302162

STATE OF SOUTH CAROLINA    )    IN THE COURT OF COMMON PLEAS

COUNTY OF Sumter    )    Case No.: 2017-CP-43-_____

    )

Willa B. Rogers, as Personal    )
Representative of the Estate of    )
Thomas James Baskins, Jr.,    )

    )

        Plaintiff,    )    **COMPLAINT**

v.    )    **(JURY DEMAND)**

    )

SavaSenior Care, LLC and SSC    )
Sumter East Operating Company, LLC    )
d/b/a Sumter East Health and    )
Rehabilitation Center,    )

    )

        Defendants.    )

The Plaintiff, by and through their undersigned counsel, for a Complaint against the Defendants, does hereby allege as follows:

## PARTIES

1.    The Plaintiff, Willa B. Rogers, is a citizen and resident of Chesterfield County, South Carolina.

2.    The deceased, Thomas James Baskins, Jr., was a citizen and resident of Chesterfield County, South Carolina prior to his death.

3.    Upon Information and belief, Defendant Sava Senior Care, LLC is a Delaware LLC (Hereinafter "Sava") doing business int eh County of Sumter, State of South Carolina. Sava may not be registered to do business in this state. SSC Sumter East Operating Company, LLC d/b/a Sumter East Health and Rehabilitation Center hereinafter "Sumter East") is a for-profit South Carolina LLC, authorized and existing

ELECTRONICALLY FILED - 2017 Nov 16 11:42 AM - SUMTER - COMMON PLEAS - CASE#2017CP4302162

under the laws of the State of South Carolina, and is doing business in the County of Sumter, State of South Carolina.

4.     Defendants Sava and Sumter East have the right or power to direct and control the manner in which its employees and/or agents provide medical care and operate the business of delivering health care for a fee through its practice.

5.     Upon information and belief, Sava and Sumter East have attending physicians, nurses and other staff who are its agents, servants, and employees, and all acts or omissions complained of herein, performed by said agents, servants, and employees occurred owing the course and scope of such agency and/or employment and is therefore imputed to Sava and Sumter East.

6.     At all times relevant to this action, physicians, nurses, residents, interns and staff health care providers caring for Plaintiff at Sumter East were employees and/or agents of Sava and Sumter East, or were apparent agents and were acting within the course and scope of their employment and/or agency or apparent agency.

7.     Plaintiff and members of his family justifiably and reasonably believed that certain physicians, nurses, residents, interns and other staff health care providers at Sumter East were agents and/or employees of Sava and Sumter East.

8.     The negligent acts, omissions and liability of the Defendants include their agents, principals, employees and/or servants, both directly and vicariously, pursuant to principals of non-delegable duty, corporate liability, apparent authority, agency, ostensible agency and/or respondent superior.

9.     That the above-named Defendants are jointly and severally liable as to all damages alleged herein since the negligent, grossly negligent, reckless and wanton

ELECTRONICALLY FILED - 2017 Nov 16 11:42 AM - SUMTER - COMMON PLEAS - CASE#2017CP430216?

acts and omissions, singularly or in combination, are a direct and proximate cause of the Plaintiff's damages, injuries and losses.

10.    Upon information and belief, as part of its normal business operations, Sava and Sumter East, by and through its employees and/or agents, accepted patients for the purpose of providing medical services, including those services which were rendered as referenced herein.

## JURISDICTION AND VENUE

11.    That the Court has jurisdiction over the parties and subject matter.

## GENERAL FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

12.    Plaintiff, Thomas James Baskins, Jr. was a resident at the Defendant Nursing home from July 22, 2015 to October 12, 2015 after suffering an anoxic brain injury.

13.    Mr. Baskins was unable to move on his own when admitted to Sumter East Health and Rehabilitation Center

14.    The agents, employees and/or caregivers at Sumter East Health and Rehabilitation Center deviated from the applicable standard of care which should have been rendered to Mr. Baskins.

15.    Said deviation of care led to multiple decubitus wounds, and sepsis.

16.    Mr. Baskin required continual care because of the negligent care displayed by the agents, employees and/or caregivers at SavaSenior Care and Sumter East Health and Rehabilitation Center.

ELECTRONICALLY FILED - 2017 Nov 16 11:42 AM - SUMTER - COMMON PLEAS - CASE#2017CP4302182

### FIRST CAUSE OF ACTION
#### (Negligence)

17.    The Plaintiff re-alleges and reiterates paragraphs one (1) through sixteen (16) as though fully set forth herein verbatim and further alleges:

18.    Defendants Sava and Sumter East and their employees and agents did undertake the duty to render care to Mr. Baskins in accordance with the prevailing and acceptable professional standard of care in the national community.

19.    Notwithstanding said undertaking and while Mr. Baskins was under the care of the Defendants, its employees and agents departed from the prevailing and acceptable professional standards of care and treatment of Mr. Baskins and were thereby negligent, careless, grossly negligent, reckless and in violation of the duties owed to Mr. Baskins, and they are liable for one or more of the following acts or omission or commission, any or all of which are departures from the prevailing and acceptable professional standards of care:

a.    Failed to exercise independent skill and judgment in their role as patient advocates.

b.    Failed to ensure proper preventative measures were in place to avoid skin breakdown and promote healing in Mr. Baskins.

c.    Failed to assess the pressure ulcers according to the guidelines of the National Pressure Ulcer Advisory Panel and the standard of care.

d.    Failed to document accurately the progression of the pressure ulcers according to the National Pressure Ulcer Advisory Panel and the standard of care.

e.    In such other particulars as may be ascertained through discovery procedures undertaken pursuant to the South Carolina Rules of Civil Procedure.

ELECTRONICALLY FILED - 2017 Nov 16 11:42 AM - SUMTER - COMMON PLEAS - CASE#2017CP4302162

20.    As a direct and proximate result of the negligence, carelessness, gross negligence, recklessness and departure from the professional standards of care by agents and/or employees of Defendants, Plaintiff suffered from severe debilitating injuries and has suffered severe and extreme emotional distress, anxiety, grief and death, the likes of which no person should endure, for which Plaintiff is entitled to recover actual damages pursuant to section 15-51-10, et. seq., Code of Laws of South Carolina (1976, as amended) in an amount to be determined by a jury at the trial of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, respectfully pray for judgment against the Defendants for actual damages, special damages, consequential damages, and punitive damages in an amount to be determined by the jury at the trial of this action, for the costs and disbursements of this action and for such other and further relief as this court deems just and proper. Plaintiff specifically aver that the damages at issue in this case are more than $100,000, such averment made to allow all manner of discovery under South Carolina Law.

Respectfully submitted,


s/ Patrick M. Killen
Patrick M. Killen
McGowan, Hood & Felder, LLC
28 North Main St.
Sumter, South Carolina 29150
Telephone: (803) 774-5026
Facsimile: (803) 774-5028
pkillen@mcgowanhood.com

November 16th, 2017
Sumter, South Carolina

ELECTRONICALLY FILED - 2018 Jan 11 4:26 PM - SUMTER - COMMON PLEAS - CASE#2017CP4302162

STATE OF SOUTH CAROLINA          )     IN THE COURT OF COMMON PLEAS

COUNTY OF Sumter                 )         Case No.: 2017-CP-43-02162
                                 )
Willa B. Rogers, as Personal     )
Representative of the Estate of  )
Thomas James Baskins, Jr.,       )
                                 )
                    Plaintiff,   )         **CERTIFICATE OF SERVICE**
                                 )
v.                               )
                                 )
SavaSenior Care, LLC and SSC     )
Sumter East Operating Company, LLC )
d/b/a Sumter East Health and     )
Rehabilitation Center,           )
                                 )
                    Defendants.  )
_____)

The undersigned employee of McGowan, Hood & Felder, LLC does hereby

certify that service of the Summons and Complaint in the above-captioned matter was

made upon the following, by placing one regular copy of same in the United States Mail,

postage prepaid, and return address clearly indicated on said envelope this 11th day of

January 2018, at the following address:

SC Secretary of State
Attn: Service Process Division
1205 Pendleton Street, Suite 525
Columbia, SC 29201

_____
Debra L. Kelso
Legal Assistant


SWORN to before me this 11th
day of January 2018.

_____
Notary Public for South Carolina
My Commission Expires: 18 November 2020

Page 1 of 1

EXHIBIT A

ELECTRONICALLY FILED - 2018 Jan 12 8:27 AM - SUMTER - COMMON PLEAS - CASE#2017CP4302162

STATE OF SOUTH CAROLINA )        IN THE COURT OF COMMON PLEAS

COUNTY OF Sumter )        Case No.: 2017-CP-43-02162

Willa B. Rogers, as Personal )
Representative of the Estate of )
Thomas James Baskins, Jr., )

                Plaintiff, )        **CERTIFICATE OF SERVICE**

v. )

SavaSenior Care, LLC and SSC )
Sumter East Operating Company, LLC )
d/b/a Sumter East Health and )
Rehabilitation Center, )

                Defendants. )

        The undersigned employee of McGowan, Hood & Felder, LLC does hereby certify that service of the Summons and Complaint in the above-captioned matter was made upon the following, by placing one regular copy of same in the United States Postal Service, Certified Mail Return Receipt Requested this 11th day of January 2018, at the following address:

SSC Sumter East Operating Company
CT Corporation System
2 Office Park Court Suite 103
Columbia, SC 29223

Debra L. Kelso
Legal Assistant

SWORN to before me this 11th
day of January 2018.

Notary Public for South Carolina
My Commission Expires: _18 November 2020_

Page **1** of **1**

EXHIBIT A

ELECTRONICALLY FILED - 2018 Jan 12 8:27 AM - SUMTER - COMMON PLEAS - CASE#2017CP4302162



ELECTRONICALLY FILED - 2018 Jan 17 2:20 PM - SUMTER - COMMON PLEAS - CASE#2017CP4302162

STATE OF SOUTH CAROLINA          )          IN THE COURT OF COMMON PLEAS

COUNTY OF Sumter                 )              Case No.: 2017-CP-43-02162
                                 )
Willa B. Rogers, as Personal     )
Representative of the Estate of  )
Thomas James Baskins, Jr.,       )
                                 )
                    Plaintiff,   )          **ACCEPTANCE OF SERVICE**
v.                               )
                                 )
SavaSenior Care, LLC and SSC     )
Sumter East Operating Company, LLC )
d/b/a Sumter East Health and     )
Rehabilitation Center,           )
                                 )
                    Defendants.  )
_____)

The undersigned employee of McGowan, Hood & Felder, LLC does hereby

certify that service of the Summons and Complaint in the above-captioned matter was

signed for By Pam Johnson on January 16, 2018 at the following address:

SSC Sumter East Operating Company
CT Corporation System
2 Office Park Court Suite 103
Columbia, SC 29223

_____
Debra L. Kelso
Legal Assistant

ELECTRONICALLY FILED - 2018 Jan 17 2:20 PM - SUMTER - COMMON PLEAS - CASE#2017CP4302162

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

SSC Sumter East Operating Co.
CT Corporation System
2 Office Park Ct. Ste 103
Columbia, SC 29223

9590 9402 3102 7124 0702 12

2. Article Number (Transfer from service label)

7016 3560 0000 3599 4044

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X  Pam Johnson  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

1-16-18

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery ($500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

**USPS TRACKING #**



9590 9402 3102 7124 0702 12

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

McGowan, Hood & Felder, LLC
1 Law Range Drive, Ste B
Sumter, SC 29150

ELECTRONICALLY FILED - 2018 Feb 15 6:19 PM - SUMTER - COMMON PLEAS - CASE#2017CP4302162

STATE OF SOUTH CAROLINA )    IN THE COURT OF COMMONS PLEAS

COUNTY OF SUMTER )    THIRD JUDICIAL CIRCUIT

WILLA B. ROGERS, AS PERSONAL )    CASE NO. 2017-CP-43-02162
REPRESENTATIVE OF THE ESTATE )
OF THOMAS JAMES BASKINS, JR. , )
)
PLAINTIFF, )
)
vs. )    **ANSWER BY DEFENDANT SSC SUMTER**
)    **EAST OPERATING COMPANY, LLC**
SAVASENIOR CARE, LLC AND SSC )    **D/B/A SUMTER EAST HEALTH AND**
SUMTER EAST OPERATING )    **REHABILITATION CENTER**
COMPANY, LLC D/B/A SUMTER )
EAST HEALTH AND )
REHABILITATION CENTER , )
)
DEFENDANTS. )
)

TO: PATRICK M. KILLEN, ATTORNEY FOR THE PLAINTIFF:

The Defendant, SSC Sumter East Operating Company, LLC d/b/a Sumter East Health

and Rehabilitation Center (hereinafter referred to as "Defendant" or "this Defendant"), by and

through its undersigned counsel and subject to and without waiving its right to compel this

matter to arbitration, hereby responds to the Plaintiff's Complaint as follows:

1.    Any and all allegations set forth in Plaintiff's Complaint not hereinafter admitted,

denied, qualified, or otherwise explained are hereby expressly denied and strict proof is

demanded thereof.

2.    The Defendant is without sufficient knowledge or information to respond to the

allegations set forth in Paragraphs 1 and 2 of Plaintiff's Complaint and therefore denies the same

and demands strict proof thereof.

3.    The allegations set forth in Paragraph 3 of Plaintiff's Complaint are, in part,

directed toward parties other than this Defendant and therefore require no response.  To the

ELECTRONICALLY FILED - 2018 Feb 15 6:19 PM - SUMTER - COMMON PLEAS - CASE#2017CP4302162

extent a response is required to such allegations, they are denied and strict proof is demanded thereof. With regard to the allegations set forth in Paragraph 3 of Plaintiff's Complaint directed toward this Defendant, such allegations are admitted only insofar as it is alleged that this Defendant does business in Sumter County, South Carolina. Any and all remaining allegations directed toward this Defendant are denied and strict proof is demanded thereof.

4.      The allegations set forth in Paragraph 4 of Plaintiff's Complaint call for pure legal conclusions and therefore require no response. To the extent a response is required, these allegations are denied as written.

5.      The allegations set forth in Paragraph 5 of Plaintiff's Complaint call for pure legal conclusion and therefore require no response. To the extent a response is required, these allegations are denied.

6.      The allegations set forth in Paragraph 6 of Plaintiff's Complaint call for pure legal conclusions and therefore require no response. To the extent a response is required, these allegations are denied as written.

7.      This Defendant is without sufficient knowledge and information to respond to the allegations set forth in Paragraph 7 of Plaintiff's Complaint regarding what Plaintiff and his family may have believed and therefore these allegations are denied and strict proof is demanded thereof. Further answering, this Defendant would assert that no health care provider at Sumter East is employed or working on behalf of Co-Defendant SavaSeniorCare, LLC. As such, Defendant denies that Plaintiff reasonably and/or justifiably formed any opinions regarding health care providers being employed by Co-Defendant SavaSeniorCare, LLC

8.      This Defendant denies the allegations set forth in Paragraph 8 and 9 of Plaintiff's Complaint.

ELECTRONICALLY FILED - 2018 Feb 15 6:19 PM - SUMTER - COMMON PLEAS - CASE#2017CP4302162

9.     The allegations set forth in Paragraph 10 of Plaintiff's Complaint are, in part, directed toward parties other than this Defendant and therefore require no response. To the extent a response is required to such allegations, they are denied and strict proof is demanded thereof. With regard to the allegations set forth in Paragraph 10 of Plaintiff's Complaint directed toward this Defendant, such allegations are denied as written.

10.     The allegations set forth in Paragraph 11 of Plaintiff's Complaint call for pure legal conclusions that require no response. To the extent a response is required, this Defendant is without sufficient knowledge and information to respond to these allegations and therefore they are denied and strict proof is demanded thereof.

11.     In responding to the allegations set forth in Paragraphs 12 and 13 of Plaintiff's Complaint, this Defendant would crave reference to Plaintiff's skilled nursing records for their contents and deny any and all allegations inconsistent therewith.

12.     This Defendant denies the allegations set forth in Paragraphs 14, 15, and 16 of Plaintiff's Complaint.

13.     In answering the allegations set forth in Paragraph 17 of Plaintiff's Complaint, Defendant would restate its answers set forth in the above paragraphs as if stated verbatim herein.

14.     Defendant admits the allegations set forth in Paragraph 18 of Plaintiff's Complaint only insofar as it is alleged that this Defendant owed a duty of care to Plaintiff's decedent. Defendant denies the scope of the duty alleged as written. Any and all remaining allegations, including those inconsistent with the above limited admission are denied and strict proof is demanded thereof.

ELECTRONICALLY FILED - 2018 Feb 15 6:19 PM - SUMTER - COMMON PLEAS - CASE#2017CP4302162

15.     This Defendant denies the allegations set forth in Paragraphs 19 and 20 of Plaintiff's Complaint.

16.     This Defendant denies the allegations set forth in Plaintiff's Prayer for Relief.

**FURTHER ANSWERING AND**
**FOR A FURTHER AFFIRMATIVE DEFENSE**

17.     This Court lacks jurisdiction over this matter because Plaintiff's claims as to this Defendant are subject to arbitration pursuant to a valid arbitration agreement entered into between the parties hereto, and therefore this matter should be dismissed and compelled to arbitration.

**FURTHER ANSWERING AND**
**FOR A FURTHER AFFIRMATIVE DEFENSE**

18.     Pursuant to § 4 of the Federal Arbitration Act, this action must be stayed until the validity of the Plaintiff's arbitration agreement is determined by the United States District Court where this action is pending.  Defendant hereby provides notice that a Motion to Compel Arbitration and associated Motion to Stay is forthcoming.

**FURTHER ANSWERING AND**
**FOR A FURTHER AFFIRMATIVE DEFENSE**

19.     A claim for punitive damages and an award of punitive damages would violate those clauses of the Constitutions of the United States and South Carolina related to privileges and immunities, due process and equal protection and Defendant would further assert the protections, defenses, and statutory rights set forth in S.C. Code Ann. § 15-32-510, *et. seq.*

**FURTHER ANSWERING AND**
**FOR A FURTHER AFFIRMATIVE DEFENSE**

20.     The Complaint fails to state facts sufficient to constitute a cause of action and fails to state a claim upon which relief can be granted against this Defendant and should be

ELECTRONICALLY FILED - 2018 Feb 15 6:19 PM - SUMTER - COMMON PLEAS - CASE#2017CP4302162

dismissed pursuant to South Carolina Rules of Civil Procedure or Federal Rules of Civil Procedure 12(b)(6).

### FURTHER ANSWERING AND
### FOR A FURTHER AFFIRMATIVE DEFENSE

21.    Plaintiff's recovery in the matter, if any, is limited by and subject to the provisions of the South Carolina Noneconomic Damages Awards Act of 2005 which is codified at SC Code §15-32-200 et seq., which is pled as a limitation or partial bar to the Plaintiff's claims and alleged damages.

### FURTHER ANSWERING AND
### FOR A FURTHER AFFIRMATIVE DEFENSE

22.    Defendant hereby gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery, and thus reserves the right to amend its Answer to assert any such defenses.

### FURTHER ANSWERING AND
### FOR A FURTHER AFFIRMATIVE DEFENSE

23.    Defendant would affirmatively assert that it would be entitled to any and all benefits, joint and several liability protections, emergency situations limitations on liability, any and all monetary limitations or caps of liability and/or damages under the Economic Development, Citizen and Small Business Protection Act and the South Carolina Medical Malpractice Reform Law including, but not limited to §15-38-15; §15-32-200; §15-32-210; §15-32-220; §15-32-230; §15-32-240; §15-36-100; §15-32-222; and §15-79-125 and any other applicable provisions under the acts.

ELECTRONICALLY FILED - 2018 Feb 15 6:19 PM - SUMTER - COMMON PLEAS - CASE#2017CP4302162

## FURTHER ANSWERING AND
## FOR A FURTHER AFFIRMATIVE DEFENSE

24.     Defendant would affirmatively assert the defense of intervening and superseding negligence of third parties not a party to this action.

## FURTHER ANSWERING AND
## FOR A FURTHER AFFIRMATIVE DEFENSE

25.     Defendant would allege, upon information and belief, that any injuries or damages sustained by the Plaintiff were due to, caused and occasioned by a natural disease process over which this Defendant had no control and, as such, Defendant pleads such a natural disease process as a complete or partial bar to this action.

## FURTHER ANSWERING AND
## FOR A FURTHER AFFIRMATIVE DEFENSE

26.     Defendant would assert that some, or all, of the state and federal laws cited by the Plaintiff do not create a standard of care applicable to Plaintiff's claims in this matter.

## FURTHER ANSWERING AND
## FOR A FURTHER AFFIRMATIVE DEFENSE

27.     Plaintiff, as personal representative, lacks standing to bring some or all of the claims asserted against the Defendant pursuant to S.C. Code Ann. § 15-5-90.

## FURTHER ANSWERING AND
## FOR A FURTHER AFFIRMATIVE DEFENSE

28.     Defendant hereby raises the doctrine of election of remedies as a defense to Plaintiff's claims.

## FURTHER ANSWERING AND
## FOR A FURTHER AFFIRMATIVE DEFENSE

29.     To the extent Defendant is required to raise the affirmative defense of comparative negligence under applicable South Carolina law in order to avoid an argument of

ELECTRONICALLY FILED - 2018 Feb 15 6:19 PM - SUMTER - COMMON PLEAS - CASE#2017CP4302162

waiver by Plaintiff, Defendant would assert Plaintiff's damages, if any, should be proportionately barred or reduced under the doctrine of comparative fault if such evidence is found as the case proceeds.

### FURTHER ANSWERING AND
### FOR A FURTHER AFFIRMATIVE DEFENSE

30.    This Defendant would assert they complied with the applicable standard of care at all times during the timeframe alleged in the Complaint.

### FURTHER ANSWERING AND
### FOR A FURTHER AFFIRMATIVE DEFENSE

31.    The Plaintiff's claims are time-barred by the applicable statute of limitations.

WHEREFORE, having fully answered the Plaintiff's Complaint, Defendant prays the Court issue an order dismissing this case with prejudice and that they be awarded the costs and reasonable fees associated with this matter, and such other relief as this Court may deem just and proper.

YOUNG CLEMENT RIVERS, LLP

By: s/ D. Jay Davis, Jr.
D. Jay Davis, Jr.
Perry M. Buckner, IV
P.O. Box 993, Charleston, SC 29402
(843) 720-5415; pbuckner@ycrlaw.com
Attorneys for the Defendant SSC Sumter East
Operating Company, LLC d/b/a Sumter East Health
and Rehabilitation Center

Charleston, South Carolina

Dated: February 15, 2018

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMONS PLEAS |
| | ) | |
| COUNTY OF SUMTER | ) | THIRD JUDICIAL CIRCUIT |
| | ) | |
| WILLA B. ROGERS, AS PERSONAL | ) | CASE NO. 2017-CP-43-02162 |
| REPRESENTATIVE OF THE ESTATE | ) | |
| OF THOMAS JAMES BASKINS, JR., | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | **RECEIPT OF NOTICE OF REMOVAL** |
| | ) | **TO DISTRICT COURT** |
| SAVASENIOR CARE, LLC AND SSC | ) | |
| SUMTER EAST OPERATING | ) | |
| COMPANY, LLC D/B/A SUMTER | ) | |
| EAST HEALTH AND | ) | |
| REHABILITATION CENTER, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Receipt of a copy of the Notice of Removal filed in the above-entitled action is hereby

acknowledged on this _____ day of _____, 2018.

By:_____
    The Honorable James C. Campbell
    Clerk of Court for Sumter County

**EXHIBIT**

B

ALL-STATE® INTERNATIONAL